**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

BRET ADAMS,

        Plaintiff,

   vs.                      Civil Action 2:13-cv-894
                                  Magistrate Judge King

GEORGE KARL, *et al.*,

        Defendants.

<u>**OPINION AND ORDER**</u>

Plaintiff Bret Adams filed this action on September 11, 2013, asserting a single breach of contract claim against defendant George Karl. *Complaint*, Doc. No. 1. On February 28, 2014, plaintiff filed an *Amended Complaint*, Doc. No. 28, asserting claims against defendant Karl for breach of contract (Count I), breach of fiduciary duty (Count II), fraud (Count III), and defamation (Count IV). The *Amended Complaint* also asserts claims for fraud (Count V), interference with business relationship (Count VI), and defamation (Count VII) against defendant Kim Van Deraa, and claims of fraud (Count VIII) and defamation (Count IX) against defendant Chuck Kissee.

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. 636(c), for consideration of three motions.

Defendant Karl has moved to dismiss Counts II, III, and IV of the *Amended Complaint* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *George Karl's Motion to Dismiss Counts Two, Three, and Four of Bret Adams' First Amended Complaint* ("*Defendant Karl's Motion*"), Doc. No. 38. Plaintiff has

voluntarily dismissed Count II of the *Amended Complaint.  Stipulation of Partial Dismissal With Prejudice*, Doc. No. 45.  Plaintiff opposes the dismissal of Counts III and IV.  *Plaintiff's Response to Defendant Karl's Motion*, Doc. No. 50.  Defendant Karl has filed a reply.  Doc. No. 54.

Defendants Van Deraa and Kissee have moved to dismiss all of plaintiff's claims against them under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  *Defendants Kim Van Deraa and Chuck Kissee's Motion to Dismiss Counts Five, Six, Seven, Eight, and Nine of Bret Adams' First Amended Complaint* ("*Defendants Van Deraa and Kissee's Motion*"), Doc. No. 55.  Plaintiff opposes *Defendants Van Deraa and Kissee's Motion.  Plaintiff's Response to Defendants Van Deraa and Kissee's Motion*, Doc. No. 57.  Defendants Van Deraa and Kissee have filed a reply.  Doc. No. 61.

After responding to both motions to dismiss, plaintiff filed a motion for leave to file a second amended complaint.  *Plaintiff's Motion for Leave to File Second Amended Complaint Instanter* ("*Plaintiff's Motion to Amend*"), Doc. No. 58.  Plaintiff seeks to file a second amended complaint to assert a claim for unjust enrichment against defendant Karl.  *Id*. at p. 2.  The *Proposed Second Amended Complaint*, Doc. No. 58-1, contains no new allegations against defendants Van Deraa or Kissee.  Defendant Karl opposes *Plaintiff's Motion to Amend* on the basis of undue delay, prejudice, and futility.  *Defendant Karl's Response to Plaintiff's Motion to Amend*, Doc. No. 62.  Plaintiff has not filed a reply.

2

For the reasons that follow, *Defendant Karl's Motion* is **GRANTED**. *Defendants Van Deraa and Kissee's Motion* is **GRANTED**. *Plaintiff's Motion to Amend* is **DENIED**.

## I.  Background

The *Amended Complaint* alleges the following: Plaintiff Bret Adams is a sports and entertainment law attorney who has represented defendant George Karl for nearly 20 years. *Amended Complaint*, ¶¶ 1-2. Defendant Karl is a former head coach in the National Basketball Association; plaintiff negotiated defendant Karl's contracts with the Milwaukee Bucks and the Denver Nuggets. *Id.* at ¶¶ 2-3, 13. The contractual agreement between plaintiff and defendant Karl "for the past ten (10) years has been a monthly payment of $10,000.00 per month." *Id.* at ¶ 4.

"Defendant Karl's employment with the Denver Nuggets was terminated on June 6, 2013. At the time of his termination he still had a year remaining on his contract, meaning he would continue to draw a salary from the team even though he was no longer coaching." *Id.* at ¶ 12. Defendant Karl has allegedly refused to pay plaintiff since January 1, 2013. *Id.* at ¶ 15.

"In 2001, Plaintiff and Defendant Karl created an investment entity called Adams Karl Investments, LLC ("AKI")." *Id.* at ¶ 16. AKI was a joint venture; defendant Karl had a 75 percent ownership interest and "made all primary investment decisions." *Id.* at ¶¶ 16-17. In 2009, defendant Karl authorized a conditional buy-out of shares in the Golf Club of Dublin; plaintiff formalized and executed the purchase agreement. *Id.* at ¶¶ 26-28. "Within six (6) months

3

after the consummation of the agreement, the Golf Club of Dublin filed for involuntary bankruptcy, the conditions of the purchase agreement were not met and the agreement terminated." *Id.* at ¶ 29.

The remaining partners of the Golf Club of Dublin thereafter filed suit against AKI, plaintiff, and defendant Karl to recover under the purchase agreement (the "2009 lawsuit"). *Id.* at ¶¶ 24-30.

> Three days prior to the commencement of the trial of the
> 2009 lawsuit, Defendant Karl paid the Plaintiffs of the
> 2009 lawsuit an undisclosed amount of money and agreed to
> provide a deposition which would be harmful to the
> Plaintiff in this action. Defendant Karl testified,
> contrary to previous sworn testimony in the 2009 lawsuit,
> that he had never seen the agreement regarding the buy-out
> transaction; that he would have never approved the
> transaction; and that Plaintiff pressured him into signing
> an affidavit by Plaintiff.

*Id.* at ¶ 33.  Defendant Karl's deposition testimony was allegedly false, constitutes "civil perjury," and "forced Plaintiff to settle the 2009 lawsuit wherein he had no personal liability." *Id.* at ¶¶ 32, 34-35.

In 2008, defendant Karl contacted plaintiff and indicated that he wanted defendant Van Deraa "to become involved in his business dealings and investment decisions." *Id.* at ¶ 36.  Defendant Chuck Kissee, a non-licensed financial planner, was retained "to assist" defendants Karl and Van Deraa. *Id.* at ¶ 37.  Defendant Karl allegedly instructed plaintiff to withhold information from defendant Van Deraa and to provide "two sets of books" to conceal financial transactions. *Id.* at ¶¶ 38-39.  "The U.S. Bank account for AKI was closed at the instruction of Defendant Kissee to prohibit Defendant Van Deraa from viewing the actual transactions which would have revealed Defendant Karl's misrepresentations to Defendant Van Deraa." *Id.* at ¶ 23.

4

In 2012, "Defendant Karl approached Plaintiff and indicated that he had to reduce Plaintiff's salary to keep Defendant Van Deraa happy[.]"  *Id*. at ¶ 44.  Through a series of transactions referred to as "AKI concealment" and plaintiff diverting funds "to Plaintiff's law firm IOLTA account to again conceal transactions from Defendant Van Deraa," plaintiff's "salary was maintained."  *Id*. at ¶¶ 45-46.

At an unspecified time, defendant Van Deraa allegedly "advised Defendant Karl that Plaintiff had violated a fiduciary duty to Defendant Karl and specifically recommended the termination of [defendant Karl's power of attorney held by plaintiff] and a severing of the relationship between Plaintiff and Defendant Karl."  *Id*. at ¶ 49.  "In the fall of 2012 and spring of 2013, Defendants Van Deraa and Kissee without Plaintiff's knowledge of [sic] acquiescence, contacted various partners, tenants, former employers, etc. to defame Plaintiff and create the impression that Plaintiff had misrepresented Defendant Karl."  *Id*. at ¶ 50.  During the fall of 2012 and the spring of 2013, defendants Van Deraa and Kissee also allegedly "improperly contact[ed] Plaintiff pretending to be Defendant Karl for purposes of obtaining information about business activities to which [they were] not a party and not authorized to have."  *Id*. at ¶¶ 41, 78, 93.

## II. Defendants Van Deraa and Kissee's motion to dismiss for lack of personal jurisdiction

### A. Standard

Federal Rule of Civil Procedure 12(b)(2) authorizes the filing of a motion to dismiss for lack of personal jurisdiction over a defendant.  In considering a properly supported motion to dismiss for lack of personal jurisdiction, a district court is vested with the

discretion to decide the motion upon the affidavits alone, to permit discovery in aid of deciding the motion, or to conduct an evidentiary hearing to resolve any apparent factual question. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Here, no party has requested additional discovery or an evidentiary hearing and this Court concludes that neither is necessary to the resolution of the issue of personal jurisdiction.

A plaintiff bears the burden of establishing personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)). However, where a Rule 12(b)(2) motion is decided solely on written submissions and affidavits, as here, "the plaintiff's burden is relatively slight, and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id.* (quotations and citations omitted). Indeed, "[t]he pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the [] court should not weigh 'the controverting assertions of the party seeking dismissal.'" *Id.* (quoting *Theunissen*, 935 F.2d at 1459). Nevertheless, the pleadings must set forth with reasonable particularity those specific facts that support jurisdiction. *Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)).

6

**B.    Discussion**

"A Federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant."[1] *Theunissen*, 935 F.2d at 1459 (citing *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). Constitutional concerns of due process, however, limit the application of this principle. *Id.* (citing *Welsh*, 631 F.2d at 439).

In order to satisfy notions of federal due process, a court may exercise personal jurisdiction over a non-resident defendant only if the exercise of such jurisdiction arises from "certain minimum contacts with [the forum] such that [] maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).  The non-resident defendant must have conducted himself in such a manner that he could "reasonably anticipate being haled into court" in Ohio.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).  This requirement is met if the defendant "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations and quotations omitted).

---

[1] Plaintiff and defendant Karl agree that the Court has subject matter jurisdiction under 28 U.S.C. § 1332.  *Preliminary Pretrial Order*, Doc. No. 12.  The *Amended Complaint* does not, however, contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).  Although defendants Van Deraa and Kissee argue that plaintiff has failed to allege subject matter jurisdiction, they do not dispute that they are not residents of Ohio or that Ohio law applies to this dispute.  *See Van Deraa and Kissee Response*, p. 5 n.5.

7

The United States Court of Appeals for the Sixth Circuit employs three criteria for determining whether the exercise of *in personam* jurisdiction comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). *See also Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000).

"'The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.'" *Schneider v. Hardesty*, 669 F.3d 693, 701-02 (6th Cir. 2012) (quoting *Citizens Bank v. Parnes*, 376 F. App'x 496, 502 (6th Cir. 2010)).

In the case presently before the Court, defendant Van Deraa has submitted a declaration under penalty of perjury declaring that she is a resident of the State of Colorado and that, prior to the recent mediation in this case, she had been in Ohio only twice and not since 2005. *Declaration of Kim Van Deraa*, Doc. No. 55-1, ¶¶ 1-3. Defendant Van Deraa does "not have any business or personal dealings that cause [her] to engage in commerce in Ohio" and she declares that "[a]ny emails [she] sent to Bret Adams from George Karl's email account were sent and authorized on George Karl's behalf." *Id.* at ¶¶ 4-5.

8

Defendant Kissee has submitted a declaration under penalty of perjury declaring that he is a resident of the State of Idaho and that, prior to the mediation in this case, he had never been in Ohio. *Declaration of Chuck Kissee*, Doc. No. 55-2.  Defendant Kissee also does "not have any business or personal dealings that cause [him] to engage in commerce in Ohio." *Id.* at ¶ 4.  Defendant Kissee declares that he has "never sent any emails to Bret Adams under George Karl's email account." *Id.* at ¶ 5.

Plaintiff has not produced any evidence to contradict defendants' declarations or in support of his claim that the Court may properly exercise personal jurisdiction over defendants Van Deraa and Kissee. Plaintiff's response to defendants' motion to dismiss also fails to cite any portion of the *Amended Complaint* to support his claim of personal jurisdiction.  Instead, plaintiff summarizes his allegations and argues that defendants have sufficient contacts with Ohio to justify the exercise of personal jurisdiction over these defendants. Plaintiff's arguments are not well taken.

Notably, plaintiff neither alleges in the *Amended Complaint* nor provides any evidence that defendants Van Deraa or Kissee took any action in Ohio or directed action at Ohio or to an Ohio resident. Plaintiff's argument in his response suffers from the same deficiencies.  For example, plaintiff argues in his response that "Defendant Van Deraa purposefully contacted Defendant Karl requesting him to reduce his commitment to Plaintiff and/or terminate his relationship with Plaintiff." *Plaintiff's Response to Defendants Van Deraa and Kissee's Motion*, p. 12.  Plaintiff also argues that

9

"Defendant Van Deraa told Defendant Karl that Plaintiff had violated his fiduciary duties, she also recommended Plaintiff's power of attorney with Defendant Karl be terminated. Further, she induced Defendant Karl to reduce Plaintiff's salary,[2] and recommended that Defendant Karl completely terminate his relationship with Plaintiff." *Plaintiff's Response to Defendants Van Deraa and Kissee's Motion*, p. 6. These arguments are premised on defendant Van Deraa contacting defendant Karl; there is no suggestion that defendant Van Deraa took any action in Ohio or directed action to Ohio.

The *Amended Complaint* does allege that, during the fall of 2012 and the spring of 2013, defendants Van Deraa and Kissee "improperly contact[ed] Plaintiff pretending to be Defendant Karl for purposes of obtaining information about business activities to which [they were] not a party and not authorized to have." *Amended Complaint*, ¶¶ 78, 93. The *Amended Complaint* also alleges that defendant Van Deraa "had unauthorized use of the Denver Nuggets personal e-mail address of Defendant Karl and would write e-mails to Plaintiff pretending to be Defendant Karl." *Id.* at ¶ 41. Assuming, *arguendo*, that sending an email "for purposes of obtaining information about business activities" would be sufficient to confer jurisdiction under Ohio's long-arm statute, *see* R.C. § 2307.382(A)(6) (Ohio's long-arm statute provides for personal jurisdiction over a person who causes "tortious injury in this state to any person by an act outside this state

---

[2] The *Amended Complaint* alleges that "Defendant Karl approached Plaintiff and indicated that he had to reduce Plaintiff's salary to keep Defendant Van Deraa happy[.]" *Amended Complaint*, ¶ 44. The *Amended Complaint* does not allege that defendant Van Deraa induced defendant Karl to reduce plaintiff's salary.

committed *with the purpose of injuring persons*, when he might reasonably have expected that some person would be injured thereby in this state[.]") (emphasis added); *Calphalon Corp.*, 228 F.3d at 721 (recognizing that Ohio's long-arm statute does not extend to the constitutional limits of the Due Process Clause), the *Amended Complaint* does not allege, and there is no evidence, that emails were sent to plaintiff in Ohio, that plaintiff received the emails in Ohio, or even that plaintiff is a resident of Ohio.[3]

The *Amended Complaint* also alleges that, "[i]n the fall of 2012 and spring of 2013, Defendants Van Deraa and Kissee without Plaintiff's knowledge of [sic] acquiescence, contacted various partners, tenants, former employers, etc. to defame Plaintiff and create the impression that Plaintiff had misrepresented Defendant Karl." *Amended Complaint*, ¶ 50. Plaintiff argues in his response that defendants are subject to personal jurisdiction in Ohio because their alleged defamatory statements made outside of Ohio to individuals outside of Ohio were made with the purpose of having an effect on plaintiff in Ohio. *Plaintiff's Response to Defendants Van Deraa and Kissee's Motion*, pp. 13-14. However, as plaintiff acknowledges in his response, *see id.*, "the Sixth Circuit has held that the fact that a foreign organization could foresee that allegedly defamatory statements would be circulated and have an effect in Ohio is not, in itself, enough to create personal jurisdiction." *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-cv-977, 2009 WL 385611, at *18 (N.D. Ohio Feb. 13, 2009) (citing *Reynolds v. Int'l Amateur*

---

[3] The *Amended Complaint* does not contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a).

*Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994)). This analysis also applies here.

Purposeful availment may exist when a defendant sends communications into the forum that "form the bases for the action." *See Schneider*, 669 F.3d at 702 (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) ("We have held previously that purposeful availment may exist when a defendant makes telephone calls and sends facsimiles into the forum state and such communications 'form the bases for the action.'"). *See also Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) ("When the actual content of the communications into the forum gives rise to an intentional tort action, that alone may constitute purposeful availment."). However, there are no allegations or evidence that defendants Van Deraa or Kissee sent communications into Ohio. The Court also notes that plaintiff has not alleged facts to support his defamation claims against defendants Van Deraa and Kissee; plaintiff merely alleges the legal conclusion that defendants made false or defamatory statements. *See Amended Complaint*, ¶¶ 50, 87-89, 97-99. Plaintiff's allegations, *i.e.,* that defendants published an unspecified false or defamatory statement outside of the state to individuals outside of the state, is insufficient to establish personal jurisdiction over these defendants.

"As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[.]'" *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (quoting *Hanson*

*v. Denckla*, 357 U.S. 235, 253 (1958)).  The *Amended Complaint* does not allege, and plaintiff has not produced evidence that, defendant Van Deraa or Kissee took any action in Ohio or directed any action at Ohio or to an Ohio resident.  Accordingly, the Court cannot find that defendants purposefully availed themselves of the privilege of acting in Ohio or caused a consequence in Ohio.

*Defendants Van Deraa and Kissee's Motion*, Doc. No. 55, is therefore **GRANTED.**  Plaintiff's claims against defendant Van Deraa and Kissee are **DISMISSED** for lack of personal jurisdiction.

### III.  Defendant Karl's Motion to Dismiss Counts III and IV of the *Amended Complaint*

#### A.  Standard

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme Court has explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  In addition, "Rule 9(b) requires that '[i]n alleging fraud or mistake, a party must state with

13

particularity the circumstances constituting fraud or mistake.'" *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.   Discussion**

Count III of the *Amended Complaint* alleges that, "[d]uring his August, 2013 deposition Defendant Karl made statements the [sic] directly contradicted his sworn testimony in the 2011 and 2012 depositions." *Amended Complaint*, ¶ 66.  The statements made in defendant Karl's August 2013 deposition were allegedly false and caused plaintiff to settle the 2009 lawsuit "in which he had no liability." *Id.* at ¶¶ 35, 67-68.  The *Amended Complaint* further alleges that "Defendant Karl's statements in the 2013 deposition constitute fraud." *Id.* at ¶ 69.

Defendant Karl argues that plaintiff's fraud claim should be dismissed because, *inter alia*, his deposition testimony cannot serve as the basis for a civil claim. *Defendant Karl's Motion*, p. 8.  This Court agrees.

Under Ohio law, "[i]t is well established that claims of perjury, subornation of perjury, and conspiracy to commit perjury, although punishable under criminal statutes, may not form the basis of a civil lawsuit." *Whelan v. Vanderwist of Cincinnati*, No. 2010-G-2999, 2011

14

WL 6938600, at ¶ 27 (Ohio Ct. App. Dec. 30, 2011) (citing *Costell v.
Toledo Hosp.*, 527 N.E.2d 858, 860 (Ohio 1988) ("[A]ppellants have
essentially set forth allegations constituting perjury, subornation of
perjury, and conspiracy to commit perjury, all of which are punishable
under the criminal statutes but which, for public policy reasons, may
not be the basis of a civil lawsuit.")). *See also Slayton v. Wells
Fargo Bank, NA*, 2:12-CV-00283, 2013 WL 819229, at *6 (S.D. Ohio Mar.
5, 2013) ("Under Ohio law, 'there is a very well established rule that
no action lies to recover damages caused by perjury, false swearing,
subornation of perjury, or an attempt to suborn perjury . . .
regardless of whether the perjurer was a party to, or a witness in,
the action or proceedings.'") (quoting *Anderson v. Smith,* 964 N.E.2d
468 (Ohio Ct. App. 2011)). "Witness immunity is based on the policy
rationale that 'freedom of speech is essential in a judicial
proceeding to ensure justice.'" *Slayton*, 2013 WL 819229 at *6
(quoting *Morrow v. Reminger & Reminger Co., L.P.A.,* 915 N.E.2d 696
(Ohio Ct. App. 2009)). "Applying this doctrine, 'allegedly false or
fraudulent statements made via affidavits and trial testimony by
attorneys, parties, or witnesses in a civil lawsuit failed to state a
claim for falsification to recover damages, because parties are immune
from civil suits for remarks made in connection with a civil action.'"
*Id*. (quoting *Hershey v. Edelman,* 932 N.E.2d 386 (Ohio Ct. App. 2010)).
*See also Grimm v. Wickman*, No. 96508, 2011 WL 3557025, at ¶ 10 (Ohio
Ct. App. Aug. 11, 2011) ("[I]f we assume, as we must, that Wickman did
in fact make false statements in her affidavit filed in the *Parkview I*
case, she is absolutely immune from subsequent civil liability based

15

on that allegation.").

In this case, the doctrine of witness immunity forecloses plaintiff's common law fraud claim. Plaintiff's fraud claim is based on allegedly false statements made in defendant Karl's testimony in connection with the 2009 lawsuit; plaintiff characterizes this testimony as "civil perjury." *Amended Complaint*, ¶¶ 32-34. This is exactly the type of conduct that the witness immunity doctrine entails. *See Slayton*, 2013 WL 819229 at *6 ("In this case, the doctrine of witness immunity bars Slayton's common law fraud claim. Slayton asserts fraud based on the filing of an allegedly false affidavit during the state court foreclosure proceedings. This is exactly the type of conduct that the witness immunity doctrine entails."); *Morrow*, 915 N.E.2d at 705 ("'[T]he giving of false testimony in a judicial proceeding . . . does not give rise to a civil action for damages resulting from the giving of the false testimony' even when it is alleged that the witness knew the testimony to be false.") (quoting *Schmidt v. State Aerial Farm Statistics, Inc.*, 403 N.E.2d 1026 (Ohio Ct. App. 1978)).

Count IV of the *Amended Complaint* asserts a claim of defamation against defendant Karl. A claim of defamation under Ohio law includes the following elements:

> First, there must be the assertion of a false statement of fact; second, . . . the false statement was defamatory; third, . . . the false defamatory statement was published by defendants; fourth, . . . the publication was the proximate cause of the injury to the plaintiff; and fifth, . . . the defendants acted with the requisite degree of fault.

*Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677-78 (6th Cir. 2005)

(citing *Celebreeze v. Dayton Newspapers, Inc.*, 535 N.E.2d 755, 759 (Ohio Ct. App. 1988)).

In the case presently before the Court, the *Amended Complaint* alleges that, "[i]n his July 24, 2012 deposition testimony, Defendant Karl acknowledged that he did not 'present [Plaintiff] in a positive light' as a result of the defamatory and false allegations made by Defendants Van Deraa and Kissee." *Amended Complaint*, ¶ 72. The allegedly "false statements were broadcast to third parties in the form of several assistant coaches who consulted Karl about obtaining the services that Plaintiff provides." *Id.* at ¶ 73. "These statements led to Plaintiff losing the opportunity to obtain new business and caused him a loss of reputation among coaches in the NBA." *Id.* at ¶ 74.

Defendant Karl argues that Count IV fails to state a colorable claim for defamation because the *Amended Complaint* fails to identify a false statement of fact made by defendant Karl. *Defendant Karl's Motion*, p. 11. In response, plaintiff argues that he has adequately stated a claim for defamation but, again, he fails to cite any portion of the *Amended Complaint* to support that argument:

> Defendant Karl has uttered slanderous statements about Plaintiff in the presence of others. Specifically, said statements were uttered to the other Defendants to this action, who allegedly recited said comments to prospective clients. These statements negatively impacted Plaintiff in his profession, as Plaintiff lost the opportunity to obtain said prospective contractual relationships.

*Plaintiff's Response to Defendant Karl's Motion*, p. 8.

The *Amended Complaint* fails to identify any false statement of fact made by defendant Karl. Plaintiff alleges that defendant Karl

17

"acknowledged [in deposition testimony] that he did not 'present [Plaintiff] in a positive light,'" as a result of statements made by other individuals, *Amended Complaint*, ¶ 72, but he does not identify a factual statement actually made by defendant Karl. Plaintiff's response to defendant Karl's motion is no better; plaintiff merely argues that defendant Karl "uttered slanderous statements," without identifying the actual statements at issue. *See Plaintiff's Response to Defendant Karl's Motion*, p. 8. In short, this Court concludes that the *Amended Complaint* fails to state a claim for defamation because it does not allege a specific defamatory statement published by defendant Karl to a third party.

The *Amended Complaint* does not plead facts sufficient to state a plausible claim for fraud or defamation against defendant Karl. *Defendant Karl's Motion*, Doc. No. 38, is therefore **GRANTED**. Counts III and IV of the *Amended Complaint* are **DISMISSED.**

**IV. Plaintiff's Motion to Amend the *Amended Complaint***

    **A.    Standard**

*Plaintiff's Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General*

*Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

**B.  Discussion**

Plaintiff seeks leave to file the *Proposed Second Amended Complaint* "to include a cause of action for unjust enrichment" against defendant Karl. *Plaintiff's Motion to Amend*, p. 2.  The *Proposed Second Amended Complaint* references the contract that forms the basis of plaintiff's breach of contract claim and alleges that defendant Karl "has wrongfully received the benefit of said contract, as Defendant Karl has failed and/or refused to pay Plaintiff the ongoing monthly payment of $10,000.00 per month since January 2013.  Further said payments in the amount of $10,000.00 to Plaintiff were to continue through 2018." *Proposed Second Amended Complaint*, ¶¶ 58-63.

This action has been pending since September 11, 2013, plaintiff has already amended the *Complaint* and yet plaintiff offers no explanation for his delay in asserting the proposed new cause of action.  The Court therefore finds that plaintiff has acted with undue

19

delay in seeking leave to assert a cause of action for unjust enrichment. *See Nw. Nat. Ins. Co. of Milwaukee, Wis. v. Joslyn*, 53 F.3d 331, at *5-6 (6th Cir. May 8, 1995). The Court also concludes that defendant Karl would suffer significant prejudice should plaintiff be permitted to yet again amend the complaint to assert the proposed new claim. *See Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) ("To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'") (quoting *Moore*, 790 F.2d at 562). Notably, this case has now been pending for almost one year and discovery is scheduled to close in slightly more than three months. In light of plaintiff's delay in seeking to assert a claim for unjust enrichment, the grant of *Plaintiff's Motion to Amend* will result in unreasonable burden on defendant Karl in the form of increased litigation expenses and delay of the proceedings.

The Court also concludes that the proposed amendment would be futile. Plaintiff's proposed claim for unjust enrichment asserts that defendant Karl has been unjustly enriched by his alleged receipt of the benefits of a contract while failing to fully perform his obligations under the contract. The contract in dispute is the subject of plaintiff's breach of contract claim in the *Amended Complaint* (Count I). Plaintiff's proposed amendment is futile because "Ohio law does not allow parties to 'seek damages under quasi-contractual theories of recovery' such as a claim of unjust enrichment when a contract governs the relationship." *Cook v. Home Depot U.S.A., Inc.*, 2:06-CV-00571, 2007 WL 710220, at *8 (S.D. Ohio Mar. 6, 2007) (quoting *Davis & Tatera, Inc. v. Gray-Syracuse, Inc.*, 796 F. Supp.

1078, 1080 (S.D. Ohio 1992)).  Defendant argues, and plaintiff does not contest, that a contract existed in this case and that plaintiff's breach of contract and unjust enrichment claims essentially challenge the same conduct.  The proposed amendment would therefore be futile.

      **WHEREUPON,** based on the foregoing, *Defendants Van Deraa and Kissee's Motion*, Doc. No. 55, is **GRANTED.**  *Defendant Karl's Motion*, Doc. No. 38, is **GRANTED.**  *Plaintiff's Motion to Amend*, Doc. No. 58, is **DENIED.**  Counts III, IV, V, VI, VII, VIII, and IX of the *Amended Complaint* are **DISMISSED.**


August 26, 2014                    *s/Norah McCann King*
                                        Norah McCann King
                             United States Magistrate Judge